# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MUHAMMAD AMIR NAZIR,

                          Petitioner,

v.

WARDEN, Otay Mesa Detention Center
(CoreCivic), et al.,

                          Respondents.

Case No.:  3:26-cv-01378-RBM-DEB

**ORDER:**

**(1) DENYING PETITION [Doc. 1];**

**(2) DENYING AS MOOT MOTION TO VACATE ORDER TO SHOW CAUSE [Doc. 5]**

Pending before the Court is Petitioner Muhammad Amir Nazir's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition").  (Doc. 1.) For the reasons below, the Court **DENIES without prejudice** the Petition.

## I.    BACKGROUND

### A.    Factual Background

Petitioner is a citizen of Pakistan and "beneficiary of an approved employment-based immigrant petition (Form I-140)" with "a pending application to adjust status to lawful permanent resident."  (*Id.* ¶ 19.)   United States Citizenship and Immigration Services approved Petitioner's employment authorization and Advance Parole in connection with those pending applications.  (*Id.* ¶¶ 19–21.)  Petitioner attempted to enter the United States via Mexico on December 25, 2025, but Customs and Border Patrol ("CBP") "refused to parole Petitioner into the United States."  (*Id.* ¶ 22; Doc. 4-1 at 1.) "After CBP refused to parole him, Petitioner attempted to return to Mexico," but "was not

1

permitted to leave and was taken into [immigration] custody." (Doc. 1 ¶ 23.) Petitioner was determined inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and issued an Order of Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1). (Doc. 4-1 at 1; Doc. 4 at 2.)

Petitioner represents that he has not been served with a Notice to Appear or other charging document initiating proceedings in immigration court. (Doc. 1 ¶ 24.) Respondents represent that Petitioner is subject to a final removal order. (Doc. 4 at 3 (citing Doc. 4-1 at 1 (December 25, 2025 Notice and Order of Expedited Removal signed by immigration officers and supervisors and showing "REFUSED TO SIGN" where Petitioner would have acknowledged receipt of the Notice and Order)).)

**B.     Procedural Background**

Petitioner filed the Petition on March 4, 2026. (Doc. 1.) Shortly thereafter, the Court set a briefing schedule and ordered Respondents not to transfer Petitioner outside of the Southern District of California pending a ruling on the Petition. (Doc. 2 at 1–2.) Respondents filed their Return to Petition ("Response") on March 11, 2026. (Doc. 4.) Petitioner was authorized to file a reply on or before March 18, 2026, but did not file one. On March 24, 2026, Respondents also filed a Motion to Vacate Order to Show Cause, requesting that the Court vacate the portion of its Order to Show Cause enjoining transfer of Petitioner outside of the Southern District of California. (Doc. 5 at 1–2.)

## II.     LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

### III.    <u>DISCUSSION</u>

Petitioner claims that his detention without a bond hearing, and without issuance of a Notice to Appear or other charging document, violates the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 25, 43–59.)  Respondents "request the Court deny this petition on the ground that post-removal order detention is statutorily mandated under 8 U.S.C. § 1231(a) for a period of 90 days following the date that a noncitizen's removal order becomes final," and Petitioner has not yet been in custody for 90 days.  (Doc. 4 at 1–4.)

Congress authorizes the Department of Homeland Security ("DHS") to remove certain inadmissible noncitizens through expedited removal proceedings.  8 U.S.C. § 1225(b)(1).  In expedited removal proceedings, certain noncitizens who lack valid entry documents or make material misrepresentations shall be "order[ed] . . . removed from the United States without further hearing or review unless the [noncitizen] indicates either an intention to apply for asylum . . . or a fear of persecution."  *Id.* § 1225(b)(1)(A)(i).  The asylum officer's determination is not final until reviewed by a supervisor, who signs a Form I-860 notifying the noncitizen of the decision.  8 C.F.R. §§ 208.30(e)(8); 235.3(b)(2)(i), (b)(7).  An expedited removal order "must be reviewed and approved by the appropriate supervisor *before the order is considered final*."  *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1191 (9th Cir. 2021) (quoting § 235.3(b)(7)) (emphasis added).

Here, Respondents have included as an exhibit the Form I-860 signed by immigration supervisors notifying Petitioner that he was "found to be inadmissible as charged and ordered removed from the United States."  (Doc. 4-1 at 1.)  Accordingly, Petitioner's expedited removal order appears to be final, and Petitioner's detention became governed by 8 U.S.C. § 1231 on December 25, 2025.  *See* 8 U.S.C. § 1231(a)(1)(A)–(B); *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575 (9th Cir. 2022) ("Section 241(a) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231, authorizes the detention of noncitizens who have been ordered removed from the United States.").

Petitioner's detention is still within the 90-day mandatory removal period of § 1231, as March 25, 2026 is the last day of the removal period.  § 1231(a)(1)(A)–(B).  The Court

3

therefore must deny the Petition.

Even if Petitioner were past the 90-day removal period, the Court would not find that he succeeds on the merits of a *Zadvydas* claim. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).  The Supreme Court has recognized a six-month presumptively reasonable period of detention after a noncitizen's removal order becomes final.  *Id.* at 701.  After that six-month period expires—or after Petitioner has rebutted the presumption that such time is reasonable[1]—once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*

The Government has provided such evidence here.  Respondents represent that ICE "has obtained a travel document authorizing Petitioner's travel to Pakistan. . . [,] has scheduled Petitioner for a transfer flight to occur no sooner than April 1, 2026, and has scheduled a removal flight to occur soon thereafter."  (Doc. 5 at 1–2.)  Thus, even under *Zadvydas*, there is a significant likelihood of removal in the reasonably foreseeable future.  Accordingly, the Court **DENIES without prejudice** the Petition.

### IV.   CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **DENIED without prejudice**.  The Motion to Vacate Order to Show Cause (Doc. 5) is **DENIED as moot**.  The Parties **SHALL FILE** a Status Report on or before **April 15, 2026** indicating whether Petitioner has been removed to Pakistan.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATE:  March 25, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] *See Ndandu v. Noem*, — F. Supp. 3d —, 2026 WL 25848, at *3–4 (S.D. Cal. Jan. 5, 2026).